COMMISSIONER OF INTERNAL REVENUE, Respondent; WASHBURN-MCREAVY FUNERAL CHAPELS, Inc., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McReavy v. Commissioner
Docket Nos. 1536-87, 1537-87.
United States Tax Court
T.C. Memo 1989-172; 1989 Tax Ct. Memo LEXIS 175; 57 T.C.M. (CCH) 133; T.C.M. (RIA) 89172; April 17, 1989; As corrected April 17, 1989 Stanley Efron, for the petitioners. Douglas W. Hinds, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: In these consolidated cases the Commissioner determined deficiencies as follows: Petitioners William L. and Kathleen B. *177 McReavy ("the McReavys"); Deficiency
Sec. 6653(a)(1) [1]
6653(a)(2)
1981
$  7,164
--
--
1982
10,800
$ 595
* Petitioner Washburn-McReavy Funeral Chapels, Inc. ("Washburn-McReavy");
Deficiency
Sec. 6653(a)(1)
6653(a)(2)
1978
$ 2,399
--
--
1981
244
--
--
1982
9,362
$ 960
* The issues we must decide are: (1) whether expenses paid by Washburn-McReavy in connection with a lake cabin are deductible as business expenses pursuant to section 274(e)(5), (2) whether expenses in connection with two 1982 wedding receptions for the McReavys' two daughters are deductible by Washburn-McReavy as ordinary and necessary business expenses, (3) whether the McReavys received constructive dividends for the years in issue, and (4) whether petitioners are liable for additions to tax for negligence for deducting the expenses of wedding receptions for their two daughters. FINDINGS OF FACT
*178 Some of the facts have been stipulated and are so found. The McReavys are husband and wife and resided in Minneapolis, Minnesota at the time their petition was filed. Washburn-McReavy is a Minnesota corporation, the principal place of business of which was Minnesota when it filed its petition. Washburn-McReavy operates six funeral chapels in Hennepin County, Minnesota and has been in business for over 100 years. The McReavys are officers and employees of Washburn-McReavy. Petitioner William McReavy is the sole shareholder of Washburn-McReavy. In the fall of 1978, the McReavys purchased a one-bedroom lake cabin located on a four-acre island in North Center Lake near Lindstrom, Minnesota. The lake cabin has approximately 1,275 square feet of living space, two decks, a boat house and a dock. On August 13, 1986, the McReavys sold the lake property to Washburn-McReavy. Washburn-McReavy paid $ 106,872 for the lake property which was allocated as follows: 1. Island
$ 15,000
2. Lot
13,300
3. Cabin
40,000
4. Personal property
38,572
The personal property acquired by Washburn-McReavy with the purchase of the lake property included furniture, appliances, *179 a pontoon boat, sailboat and two motorboats. In addition to the McReavys, Washburn-McReavy had seven full-time employees and several part-time employees during 1981 and 1982. Washburn-McReavy issued an announcement to its employees concerning the availability of the lake property. The announcement provided: The following have the opportunity to go out to North Center Lake to the island at any time as long as it is not being used by another employee. We also agree that when we do use the facilities, that we will help maintain them. Byron D. Simonson John Pose Donna L. Peters Harvey H. Hustad James I. Paulson J. Richard Baker Terry R. Lamon Donald Dewhart Lewis Marshall This was the only written policy issued by Washburn-McReavy concerning use of the property. Employees of Washburn-McReavy were expected to check with the McReavys before scheduling any use of the lake property. Washburn-McReavy did not maintain a schedule or any other records concerning use of the lake property by its employees. During the summer months of 1981 and 1982 some employees of Washburn-McReavy visited the lake property approximately every other week to perform maintenance *180 or upkeep tasks upon the lake property including cutting the grass and watering flowers. Petitioner Kathleen McReavy was frequently present during these maintenance visits. She usually prepared a meal for those who came. On two or three occasions over the taxable years in issue, a few employees of Washburn-McReavy were invited to and visited the lake property for a steak fry. The cost of the food provided was not paid for by the corporation. Other than these occasional steak fries and whatever minor recreational use might have been made while on maintenance assignments, the employees of Washburn-McReavy did not use the lake property for recreational purposes during the years in issue. Except for any recreational use during maintenance visits (when Kathleen McReavy was frequently present), employees of Washburn-McReavy were accompanied by the McReavys. During each of the years in issue, the McReavys held a party at the lake property for a group of their friends known collectively as the "Lake Group." The McReavys also held a party at the lake cabin for the "Pyramid Investment Club" which consisted of a group of the McReavy's friends who invested small amounts of money together. *181 At least twice during each of the years in issue petitioner William L. McReavy stayed at the lake property overnight. Donna Peters, who was employed as an executive secretary by Washburn-McReavy during the taxable years at issue, has never used the lake property. Terry Lamon, who was employed as a funeral director by Washburn-McReavy during the taxable years at issue, never used the lake property during that time. Byron Simonson, John Pose, and Harvey Hustad who were employed as funeral directors by Washburn-McReavy during the taxable years at issue, visited the lake property only once during that time. Tim Boese, who was employed as a funeral director by Washburn-McReavy during the taxable years at issue, visited the lake property for recreational purposes on only one occasion apart from days of regular maintenance. On its 1981 and 1982 returns Washburn-McReavy claimed 20-year straight line depreciation for the lake cabin and six-year straight line depreciation for the personal property totalling $ 2,000 and $ 6,429, respectively, in each year. Washburn-McReavy also claimed on its 1981 return $ 1,878 in additional expenses related to its ownership and operation of the lake *182 property, $ 1,378 of which was for the payment of interest and property taxes. In 1982 Washburn-McReavy deducted $ 2,186 of expenses related to its ownership and operation of the lake property, $ 1,000 of which was for the payment of interest and property taxes. Respondent disallowed all depreciation and expenses claimed by Washburn-McReavy ($ 20,922) except interest and property taxes totalling $ 1,378 and $ 1,200 for 1981 and 1982, respectively. Moreover, respondent determined that petitioner William L. McReavy received constructive dividends in 1981 and 1982 to the extent Washburn-McReavy claimed expenses related to the ownership and operation of the lake property. On June 5, 1982, the McReavys held a wedding reception for their daughter at the Golden Valley Country Club. Approximately 292 people attended the Golden Valley wedding reception at which food, beverages and entertainment was provided. The $ 5,880.53 cost of the Golden Valley wedding reception was paid for by Washburn-McReavy. On September 18, 1982, the McReavys held another wedding reception for another of their daughters at the Minneapolis Athletic Club. Approximately 315 people attended this wedding reception *183 at which food, beverages and entertainment was provided. The $ 7,088.77 cost of the reception was paid for by Washburn-McReavy. The McReavys subsequently reimbursed Washburn-McReavy a total of $ 1,984.22 for the cost of the above two wedding receptions. Washburn-McReavy deducted the balance of the wedding expenses ($ 10,985.08) as an advertising-entertainment expense on its Form 1120 for fiscal year ending October 31, 1982. Washburn-McReavy claimed that of the invitees, approximately 82 percent were clientele or referral sources for the Corporation and only 18 percent were purely family and friends of the McReavys. Respondent determined that the wedding expense deductions claimed by Washburn-McReavy in the amount of $ 10,985.08 are nondeductible personal expenses of the McReavys and accordingly that a constructive dividend in a like amount was received by petitioner William L. McReavy from Washburn-McReavy during 1982. OPINION The first issue we must decide is whether Washburn-McReavy may deduct the expenses paid in connection with the lake cabin. Section 274(a)(1)(B) provides that no deduction shall be allowed for any item with respect to a facility used in connection with *184 entertainment. ; , affd. . Washburn-McReavy relies upon the exception to the above rule provided in section 274(e)(5) [now section 274(e)(4)] [2] which provides that section 274(a)(1)(B) does not apply to "Expenses for recreational, social, or similar activities (including facilities therefor) primarily for the benefit of employees (other than employees who are officers, shareholders or other owners, or highly compensated employees)." *185 Washburn-McReavy argues that the expenses claimed by the corporation in connection with its ownership and operation of the lake property were properly deducted pursuant to section 274(e)(5) because the lake property was available to its employees generally. Respondent argues that section 274(e)(5) is inapplicable in this case because the lake property was not "primarily for the benefit of Washburn-McReavy employees." He maintains that the actual use of the lake property by employees and not its availability to the employees is the pertinent consideration in deciding whether the lake property is primarily for the benefit of employees. The facts in this case establish that the lake property was not "primarily for the benefit of employees" of Washburn-McReavy despite the alleged availability of the property to the Washburn-McReavy employees. During the period in issue the recreational use of the lake property by employees was limited. On two or three occasions during 1981 and 1982 a few of the employees visited the lake property for a steak fry. Some of the employees visited the lake property to perform maintenance tasks on the property. Other than infrequent steak fries and any *186 recreational use during maintenance assignments, the employees of Washburn-McReavy did not use the lake property for recreational purposes. In contrast the McReavys continued to use the lake property as if it was their own. The McReavys held parties at the lake for their personal friends, and at least twice during each of the taxable years petitioner William L. McReavy stayed at the lake property overnight. Washburn-McReavy's ownership of the property cannot fairly be characterized as primarily for the benefit of its employees. Rather, the lake property appears to have been held primarily for the benefit of petitioner William McReavy, the sole shareholder of Washburn-McReavy. Consequently, the exception provided by section 274(e)(5) is inapplicable, and the deductions were properly disallowed by respondent. The next issue we must decide is whether wedding expenses in connection with the two 1982 wedding receptions for the McReavys' daughters are deductible by Washburn-McReavy pursuant to section 162. Section 162 provides that all "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" may be allowed as a deduction. Whether *187 expenditures of this type are deductible as ordinary and necessary expenses of Washburn-McReavy pursuant to section 162, is primarily a question of fact. . The burden of proof is upon Washburn-McReavy to show that the purpose of the wedding expenses was primarily business rather than social or personal. . We believe that the wedding expenses paid by Washburn-McReavy were nondeductible personal expenses of the McReavys. . Although the McReavys allege that many of the guests invited to the wedding receptions were clientele or referral sources for Washburn-McReavy, the McReavys, as the parents of the brides, held the receptions primarily to celebrate the marriages of their daughters. They did not conduct any business for Washburn-McReavy and any goodwill in the corporation acquired by holding the receptions was purely incidental. . Washburn-McReavy may not deduct these personal expenses. Section 262. The corporate *188 expenditures for the wedding receptions and for owning and operating the lake property were for the personal benefit of the McReavys. ; . Because we have held that the wedding expenses were personal, it follows that petitioner William L. McReavy received constructive dividends equal in amount to the wedding expenses paid by Washburn-McReavy. From our holding that the lake property was primarily for the benefit of petitioner William L. McReavy, it follows that the expenses to Washburn-McReavy of maintaining and operating the lake property for the McReavys were constructive dividends to petitioner William L. McReavy. The benefit to employees of the lake property was so attenuated that we believe all of the corporate expenses in connection with the lake property should be deemed distributions to the McReavys. These distributions are dividends because the McReavys have not argued or shown that corporate earnings and profits were insufficient to support dividend treatment. [3] See section 301. *189 Finally, we hold petitioners liable for additions to tax pursuant to section 6653(a)(1) and (a)(2) as determined by respondent. The section 6653(a)(2) addition to tax applies to the underpayment attributable to Washburn-McReavy's deduction of petitioners' daughters' wedding expenses and to petitioners' failure to report the income resulting from the corporate payment of those personal expenses. The personal element of the expenses for the McReavys' daughters' weddings was so prominent that we believe even a person not versed in the tax law would know that the corporation could not deduct them and that the corporate payment of the McReavys' personal expenses was indisputably a distribution to petitioner William L. McReavy. Petitioners were negligent and intentionally disregarded the law. Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect for the years in issue unless otherwise indicated. 50% of the interest due on $ 4,923.
*↩ 50% of the interest due on $ 5,492.
2. (e) SPECIFIC EXCEPTIONS TO APPLICATION OF SUBSECTION (a). -- Subsection (a) shall not apply to -- * * * (5) RECREATIONAL, ETC., EXPENSES FOR EMPLOYEES. -- Expenses for recreational, social, or similar activities (including facilities therefor) primarily for the benefit of employees (other than employees who are officers, shareholders or other owners, or highly compensated employees). For purposes of this paragraph, an individual owning less than a 10-percent interest in the taxpayer's trade or business shall not be considered a shareholder or other owner, and for such purposes an individual shall be treated as owning any interest owned by a member of his family (within the meaning of section 267(c)(4)).↩
3. Petitioners also did not challenge the amount of the constructive dividends determined by respondent. Their position was that no constructive dividend treatment was appropriate because the expenses for the lake property were business expenses deductible under the exception provided by section 274(e)(5).↩